UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HERMAN TAMRAT,<br><br>  Plaintiff,<br><br>  v.<br><br>H. SINGH, et al.,<br><br>  Defendants. | Case No. 24-cv-08591-TLT<br><br>**ORDER OF SERVICE; DENYING MOTION FOR INJUNCTIVE RELIEF; DENYING MOTION TO STAY**<br><br>Re: Dkt. Nos. 13, 17 |

Plaintiff, a pretrial detainee at the San Francisco County Jail #2 proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. For the reasons stated below, the complaint is ordered served on defendants. Plaintiff has been granted leave to proceed *in forma pauperis* by separate order. Plaintiff's motions for injunctive relief and to stay the case will be denied.

## DISCUSSION

### 1.  Standard of Review

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity, or from an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id*. at § 1915A(b)(1), (2). Further, it should be noted that pleadings submitted by *pro se* parties must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." While specific facts are not necessary, the statement needs to give the defendant fair notice of the nature of the claim and the grounds upon

which it rests. *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Although a plaintiff need not include detailed factual allegations in a complaint, the complaint must do more than recite elements of a cause of action and state conclusions; rather, a plaintiff must state factual allegations sufficient to raise the entitlement to relief "above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. The Supreme Court explained this standard: "[w]hile legal conclusions can provide the framework of a complaint, they must be supported by factual allegations . . . [and] [w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### 2. Plaintiff's Claims

Plaintiff alleges that Deputy Singh used excessive force on him on July 6, 2024, in an incident involving plaintiff reaching his arm through the food slot, and that Deputy Theodoris failed to intervene in the use of excessive force. He alleges as follows: the deputies approached his cell, and Singh tried to give plaintiff the wrong food. Plaintiff corrected him, and Singh stated "You refused" and attempted to shut the cell's tray slot. Plaintiff hurriedly placed his hand through the tray-slot to stop Singh from closing it, and told Singh he wanted his food, and asked to speak to a supervisor. Singh immediately grabbed plaintiff's left wrist in a wrist-lock maneuver and twisted it, bending plaintiff's entire arm and banging his wrist against the sharp steel edges. He almost broke plaintiff's arm, if it weren't for plaintiff turning his body with the deputy's twisting and agreeing to place his arm back inside his cell.

Plaintiff also alleges defendants denied him medical care after the incident and "walked away" when he showed them his injuries but acknowledges that Theodoris summoned medical care about an hour after he asked. He states the "radiologist did not complete a proper full entire-

2

limb x-ray" but has not named any radiologist as a defendant.

Plaintiff seeks to bring state-law claims of negligence, California's Bane Act, intentional and negligent infliction of emotional distress, and assault and battery as to defendant Singh. He also alleges First Amendment retaliation.

Plaintiff seeks damages.

### 3. Analysis

#### a. Federal Claims

Liberally construed, plaintiff has stated a Fourteenth Amendment claim against Singh for the use of force. *See Kingsley v. Hendrickson*, 576 U.S. 389, 397 (2015) (To prove an excessive force claim under § 1983, a pretrial detainee must show only that the "force purposely or knowingly used against him was objectively unreasonable."). He has also stated a Fourteenth Amendment claim against Theodoris for failure to intervene. The elements of a pretrial detainee's failure to intervene/protect claim under the Fourteenth Amendment are: (1) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering serious harm; (3) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved; and (4) by not taking such measures, the defendant caused plaintiff's injuries. *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016). "[A] pretrial detainee who asserts a due process claim for failure to protect [must] prove more than negligence but less than subjective intent—something akin to reckless disregard." *Id.*

Plaintiff has not stated a claim for denial of medical care because it appears from his allegations that he received medical care relatively promptly, and he has not alleged any injury caused by any delay. He has not stated a First Amendment claim because he does not allege that he was engaged in any conduct protected by the First Amendment.

#### b. State-Law Claims

##### i. Negligence/Negligent Infliction of Emotional Distress

California does not have an independent tort of negligent infliction of emotional distress;

3

these claims falls under the category of general negligence. *Lawson v. Mgmt. Activities, Inc.*, 69 Cal. App. 4th 652, 657 (1999). The tort of negligence requires duty, breach, causation, and harm. *Id.* "[A] jail guard does have a duty to protect inmates, [which] extends only to reasonably foreseeable harm." *Harding v. City & Cnty. of San Francisco*, 602 F. App'x 380, 383 (9th Cir. 2015) (citing *Giraldo v. Cal. Dep't of Corrs. & Rehab.*, 168 Cal.App.4th 231, 245 (2008)). Because it is foreseeable that plaintiff would suffer emotional distress resulting from an excessive use of force incident, plaintiff has stated a cognizable negligence claim against defendant Singh.

### ii.  Intentional Infliction of Emotional Distress

Intentional infliction of emotional distress exists under California law where (1) there is extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffers severe or extreme emotional distress; and (3) the defendant's outrageous conduct is the actual and proximate cause of the emotional distress. *Cervantez v. J.C. Penney Co.*, 24 Cal.3d 579, 593 (1979) (overturned on other grounds).

Liberally construed, plaintiff has stated a state-law claim for intentional infliction of emotional distress against Singh.

### iii.  Bane Act

California's Bane Act protects individuals from conduct aimed at interfering with rights that are secured by federal or state law, where the interference is carried out "by threat, intimidation or coercion." *Reese v. Cnty. of Sacramento*, 888 F.3d 1030, 1040-41 (9th Cir. 2018) (quoting Cal. Civ. Code § 52.1(a)). A plaintiff making a Bane Act claim must show the defendant acted with a specific intent to violate the plaintiff's right to freedom from the state or federal violation. *Id.* at 1043-44. Liberally construed, plaintiff has stated a cognizable Bane Act claim against Singh.

### iv.  Assault

"The essential elements of a cause of action for assault are: (1) defendant acted with intent to cause harmful or offensive contact, or threatened to touch plaintiff in a harmful or offensive manner; (2) plaintiff reasonably believed []he was about to be touched in a harmful or offensive

4

1  manner or it reasonably appeared to plaintiff that defendant was about to carry out the threat; (3)
2  plaintiff did not consent to defendant's conduct; (4) plaintiff was harmed; and (5) defendant's
3  conduct was a substantial factor in causing plaintiff's harm." *So v. Shin*, 212 Cal. App. 4th 652,
4  669 (2013), *as modified on denial of reh'g* (Jan. 28, 2013). Liberally construed, plaintiff has stated
5  a cognizable claim for assault against Singh.

### v. Battery

"The essential elements of a cause of action for battery are: (1) defendant touched plaintiff, or caused plaintiff to be touched, with the intent to harm or offend plaintiff; (2) plaintiff did not consent to the touching; (3) plaintiff was harmed or offended by defendant's conduct; and (4) a reasonable person in plaintiff's position would have been offended by the touching." *So*, 212 Cal. App. 4th at 669. California battery against a peace officer is comparable to an excessive force claim in that the plaintiff must affirmatively plead unreasonable force. *Harding v. City & Cnty. of San Francisco*, 602 F. App'x 380, 384 (9th Cir. 2015). Liberally construed, plaintiff has stated a cognizable battery claim against Singh.

### MOTION FOR INJUNCTIVE RELIEF

Plaintiff filed a motion for injunctive relief against the San Francisco Sheriff's Department and the Prisoner Legal Services department for denying him access to the courts. Dkt. No. 13. A temporary restraining order (TRO) preserves the status quo and prevents irreparable harm until a hearing can be held on a preliminary injunction application. *See Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974). A temporary restraining order is an "extraordinary remedy" that a court should award only when a plaintiff makes a clear showing that he is entitled to such relief. *See Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008). The substantive standards for a temporary restraining order are the same as those for a preliminary injunction. *See Stuhlbarg Int'l Sales Co., Inc. v. John D. Brush & Co., Inc.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Either form of injunctive relief requires a plaintiff to demonstrate (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm that will result if an injunction is not issued, (3) the balance of equities tips in favor of the plaintiff, and (4) an injunction is in the public interest. *See Winter*, 555 U.S. at 20. The irreparable injury must be both likely and immediate. *See*

1   *id.* at 22; *see also Caribbean Marine Servs. Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir.
2   1988) ("A plaintiff must do more than merely allege imminent harm sufficient to establish
3   standing; a plaintiff must *demonstrate* immediate threatened injury as a prerequisite to preliminary
4   injunctive relief.").

5   Plaintiff has not identified any immediate injury. Moreover, a court only has jurisdiction to
6   order injunctive relief against defendants in the lawsuit in front of it that relates to the claims in the
7   lawsuit. This Court has no jurisdiction in this case over the Sheriff's Department or Prisoner Legal
8   Services Department, as they have not been named as defendants in this case. To the extent
9   plaintiff seeks to amend the case to name these additional defendants, the request is denied
10  because the additional defendants and claims are not properly joined in this lawsuit. According to
11  federal rules of joinder, plaintiff may only join claims against different defendants in one lawsuit if
12  "any right to relief is asserted against them jointly, severally, or in the alternative with respect to
13  or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any
14  question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2).

15  In addition, plaintiff's request for injunctive relief is moot in light of the fact that he has
16  been released from jail custody. Dkt. No. 17.

**MOTION TO STAY**

18  Plaintiff has asked the Court to stay this case and his other civil cases filed in this district
19  because he has been released from county jail and is currently homeless/transient. As there are
20  currently no deadlines for plaintiff to meet while service on defendants will be underway and
21  defendants will be answering the complaint and determining whether to file a motion for summary
22  judgment or other dispositive motion over the next several months, a stay is not beneficial to him.
23  The stay is denied but plaintiff may seek an extension if he requires one for a particular filing. At
24  this point, nothing is due. He must however inform the Court of his new address as soon as he has
25  one.

**CONCLUSION**

27  1.      Plaintiff has stated a cognizable Fourteenth Amendment claim against defendants
28  Singh and Theodoris.

2. Plaintiff has stated cognizable claims against Singh for negligence, intentional infliction of emotional distress, violation of California's Bane Act, and assault and battery.

3. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, the Waiver of Service of Summons, a copy of the complaint (Dkt. No. 1), and a copy of this order to Deputy Singh and Deputy Theodoris at San Francisco County Jail #2. The Clerk shall also mail a copy of the complaint and a copy of this order to the City Attorney of San Francisco. Additionally, the Clerk shall mail a copy of this Order to plaintiff.

4. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if defendants, after being notified of this action and asked by the Court, on behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of such service unless good cause can be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), defendants will not be required to serve and file an answer before **60 days** from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before defendants have been personally served, the Answer shall be due **60 days** from the date on which the request for waiver was sent or **20 days** from the date the waiver form is filed, whichever is later.

5. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

    a. If the defendants intend to file a motion for summary judgment or other dispositive motion, they must do so no later than **60 days** from the date their answer is due. If the defendants file a motion for summary judgment, it shall be supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion

7

for summary judgment also must be accompanied by a *Rand*[1] notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in Rand must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, defendants may move for dismissal under Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise, if a failure to exhaust is not clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to plaintiff shows a failure to exhaust, defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge, rather than a jury, should determine the facts in a preliminary proceeding. *Id.* at 1168.

If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on plaintiff.

b.  Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **28 days** after the date on which defendants' motion is filed.

c.  Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about

---

[1] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

8

1   any fact that would affect the result of your case, the party who asked for summary judgment is
2   entitled to judgment as a matter of law, which will end your case.  When a party you are suing
3   makes a motion for summary judgment that is supported properly by declarations (or other sworn
4   testimony), you cannot simply rely on what your complaint says.  Instead, you must set out
5   specific facts in declarations, depositions, answers to interrogatories, or authenticated documents,
6   as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and
7   documents and show that there is a genuine issue of material fact for trial.  If you do not submit
8   your own evidence in opposition, summary judgment, if appropriate, may be entered against you.
9   If summary judgment is granted, your case will be dismissed and there will be no trial.  *Rand*, 154
10  F.3d at 962-63.

11  Plaintiff also is advised that—in the rare event that defendants argue that the failure to
12  exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available
13  administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without
14  prejudice.  To avoid dismissal, you have the right to present any evidence to show that you did
15  exhaust your available administrative remedies before coming to federal court.  Such evidence
16  may include: (1) declarations, which are statements signed under penalty of perjury by you or
17  others who have personal knowledge of relevant matters; (2) authenticated documents—
18  documents accompanied by a declaration showing where they came from and why they are
19  authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements
20  in your complaint insofar as they were made under penalty of perjury and they show that you have
21  personal knowledge of the matters state therein.  As mentioned above, in considering a motion to
22  dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment
23  motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed
24  issues of fact with regard to this portion of the case.  *Albino*, 747 F.3d at 1168.

25  (The notices above do not excuse defendants' obligation to serve similar notices again
26  concurrently with motions to dismiss for failure to exhaust available administrative remedies and
27  motions for summary judgment.  *Woods*, 684 F.3d at 935.)

28         d.     Defendants shall file a reply brief no later than **14 days** after the

9

date plaintiff's opposition is filed.

   e. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

 6. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to defendants to depose plaintiff and any other necessary incarcerated witnesses.

 7. All communications by plaintiff with the Court must be served on defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

 8. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

 9. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

 10. This order terminates Dockets numbers 13 and 17.

**IT IS SO ORDERED.**

Dated: May 27, 2025

_____
TRINA L. THOMPSON
United States District Judge

10